The issue in this appeal is whether a person who has attained age 21 and therefore has aged out or outgrown the juvenile division of the circuit court can be prosecuted as an adult for a crime committed while a juvenile and for which he was not subject to a mandatory transfer while a juvenile. There are only a couple of facts that I want to emphasize for you. First of all, the state conceded in the trial court and also concedes in its brief in this court that Mr. Fiveash was 14 years old when he allegedly committed the assaults that are alleged in the indictment. The state also concedes that if the crime had been discovered when Mr. Fiveash was 14 years old that only a discretionary transfer or an extended juvenile jurisdiction petition would have permitted adult prosecution. The state made no argument in the appellate court that my client was subject to a mandatory transfer and they also made no argument in the appellate court challenging the trial court finding that the charges in the indictment were not subject to a mandatory transfer. So we have before you today a question of statutory interpretation and of course the law is clear that the context of the statute must be considered even for unambiguous statutes. Section 5-120 had prior versions, prior identical versions, which were enacted into law in the 1960s. They were interpreted, all of them, to mean that the minor's age at the time of the characterized the statutory language as a question of prohibiting criminal prosecution. So just one example is the Griffin case that I cited at pages 11 and 12 where this court said, there are parts of the Juvenile Court Act in which the legislature has determined that a minor's age at the time of prohibited conduct will determine the applicability of certain provisions. One section expressly provides that whether a minor who engages in prohibited conduct is a delinquent is determined by his age at the time of the conduct. The sections providing that a minor may be transferred from juvenile court for prosecution as an adult contain express language making transfer dependent upon the minor's age at the time he committed the offense. There has been no amendment of this statute for going on 50 years or so. Mr. Wechter, the statutory language you just referred to in Griffin, that is or is not the same statutory language? The same. Was the issue the same in that case? The precise issue was not the same. But it's the history of language to that effect, not exactly the same, but to that effect in case after case after case indicating that the court understood that statute to mean that you had to judge this question by the age of the defendant, the age of the juvenile at the time that he allegedly committed the offense. Counsel, both you and the State argue that the statute is unambiguous. We do. How can that be? Well, of course, different people can view a statute in different ways. My argument is that because of these is unambiguous, and if you look at the entire context of the Juvenile Court Act, there's this three-tiered framework for dealing with crime committed by people who are juveniles. That when you're under 13 years of age, you can never be prosecuted as an adult. When you are between 13 and 17 years of age, generally you are, your case is heard in juvenile court, in the juvenile division of the circuit court. And it's only with certain limited exceptions that that case can be taken to an adult courtroom. And then once you turn 17, all cases are in the adult courtroom. So if you look at the structure of the Act, if you look at what the purpose of the Act was, which is to deal with crimes committed by juveniles, then it's clear that the statute means what it says. That if you are between 13 and 17, and you're not subject to a mandatory transfer, your case must be addressed in the juvenile court. And so you argue that in this case, there should be no prosecution at all. Correct. The state points to the statute of limitations, the section that indicates that a case can be brought 10 years after the minor victim turned 18. Doesn't that suggest that the legislature intended for prosecutions to take place long after a minor respondent has turned 21? Well, I have a few responses to that argument. Number one, the Juvenile Court Act was enacted a full year before the statute of limitations was extended for these types of crimes. And yet, at the time that the limitations were altered for adult cases, no change was made in the Juvenile Court Act. Specifically, no change was made in the Juvenile Court Act until 21, when all proceedings cease. So the legislature knew that that provision was in the Juvenile Court Act and made no change. So that's number one. Number two is, I don't think it's altogether clear, Your Honor, that these extended limitations apply to juvenile cases, especially discretionary transfer cases. And number three, the Juvenile Court Act, at least the version that applies to this particular case, has a four-year window for people who attain the age of 17 until they are 21. So even though they may have committed a crime at age 13, 16, what have you, there is still an additional four-year period after they become 17 when the state can initiate petitions and when the state can handle the case in the That acts as a statute of limitations. You turn 21, juvenile court is over, period. Have I answered your question? Maybe? You've attempted to. Mr. Weicker, back to Chief Justice Garmon's question. How do you address the state's proposition that the plain reading would involve inserting the definition of minor into the statute and that that would indicate that it would be read as prohibiting criminal prosecutions only to those restricted class of individuals, persons under the age of 21, and not 23-year-olds who are not subject to the act? I don't think that changes the analysis, Your Honor. What it says is once you turn 21, basically, you're not in juvenile court any longer. What it does not say is once you turn 21, the state can indict you. In other words, they're drawing a negative implication from that language or from the way they want the statute to be read that because we can't adjudicate your case in a juvenile court, we must be able to prosecute you as an adult. That's not what the statute says. It makes no such implication. And again, if you look back at the context and the purpose of the entire Juvenile Court Act, the purpose is to handle the problem of juvenile crime in a special division of the circuit court. Have I tried to answer your question? That one you actually got. I thought you answered it. Great. I'll let them know at home when I go back. I'll talk to Justice Tice later and find out if you were one for two or what. I think she's still hesitant about my answer, and I wonder if she wants to ask me a question in a different way. We'll know how this works. Counsel, does that mean that the state could literally prolong any indictment until after the defendant reaches the age or past that threshold of being out of juvenile court? Well, certainly the potential is there. Certainly the bound case is an indication that it can happen from time to time. And I think it poses a rather difficult question. What are we going to do in those types of situations where the individual, let's say, was 19 or 20 years old, and it seemed like it was taking a long time to indict him? And then he turns 21, and the grand jury hands down these charges. Then what is the situation here? What is the burden? Are the rules of discovery now opened up to determine whether the state intentionally delayed the prosecution of this person? Is the defense now allowed to inquire of family members, of victims, of other witnesses, of other police officers, as to why it took so long to indict? So are the discovery rules now broader in this situation? And I think it also means that in a situation like bound, it doesn't matter whether they delay. If you rule as the state wants you to rule, then the state can do what it wants. What difference does it make if it took them three months to indict or a year to indict or whatever? It's still the same problem. Is there any suggestion in this case that that occurred? No. But there's also no suggestion in this case that my client absented himself from the jurisdiction, that he tried to hide the crime, that he threatened the victim, that he ran away. Nothing like that. I mean, the state suggests that repeatedly in their brief, that this will give an incentive to people to avoid apprehension and so forth and so on. But that didn't happen here. And I think it's a bit of a stretch to say that someone who's 13 or 16 or 18 is going to be sophisticated enough to know that if they delay things just a little bit longer, they're going to be out of the system. The question then arises, if the statute is not unambiguous, what do we do in this situation? And certainly we have a case in which different districts of the appellate court determined that the statute means something completely different. Rich and Richardson are diametrically opposed to what the appellate court did in this case. And what Rich emphasizes is that it's important to distinguish 13 and 14-year-old from older minor. And if I could just pose a hypothetical. Let's say that my client's crime was discovered when he was 14 years old. What would have happened at that point in time? The state's attorney first would have made a judgment, a discretionary judgment, a judgment that can't be overturned, as to whether to even seek transfer of the case to adult court. I don't think that's a given in this case at all. Let's say they went ahead and they filed a petition of some sort to transfer the case. Then a juvenile court judge looks at this case. And considers all the factors that are in the statute, you know, his age, the family circumstances, his background, his lack of a criminal record, all of these things, looks at the best interest. And then makes a determination whether to transfer him at all. A discretionary decision that, as a practical matter, no reviewing court is going to overturn. So the judge can keep him out of adult court. And if he does, or if she does, what's the worst thing that can happen to Mr. Five Inch? He can go to the Juvenile Department of Correction for approximately six years. And that's it. So it's a very different scenario that the state has the unlimited ability to charge anyone with anything at any time. And you'll see in the briefs there's a discussion about the possibility of lengthy prison terms and so forth and so on. It's a starkly different scenario. And it's a scenario that the Juvenile Court Act never contemplated. The whole idea is to protect people who commit juvenile crime. And I think it's interesting to note, too, that after Rich was decided in 2011, the statute has not been amended. Is the purpose of that broad to protect people who commit juvenile crimes or is it to protect people who are juveniles when they're prosecuted and commit crimes? I'm sorry, could I ask you to repeat that? I think you said the whole purpose of the Act is to protect juveniles who commit crimes, which is what we have here, a juvenile who committed a crime. Does that protection extend to a juvenile who becomes an adult when he's charged? Certainly. Certainly because it's an arbitrary matter that time has passed. It's arbitrary as to how much time has passed. The Juvenile Court can't effectively handle this person anymore because of his age. But why does that mean that the state then has the authority to go ahead and prosecute him as an adult when the statute doesn't explicitly give them that authority and when the purpose of the Act is to keep him in a special enclave? I think I'm doing better answering questions on the left than I am on the right. Counsel, I'm just wondering about the application of the prosecution itself. It seems like it can't be applied evenly across the board. You have 102 counties and 102 state's attorneys so each one might decide to apply this kind of a rule differently. What is it that happened before that maybe this is coming up now? Is there something about this that is there a way to apply this particular rule evenly across the state? You mean the rule that the state wants you to adapt? Yes. The rule that if we were to agree with the state, how can we be assured that that would be Well, I don't think that you can unless you just say no matter how old a person is, if they've aged out of the system, the state's attorney can do whatever they want. And again, I think that one of the defects in the state's argument is that their approach would wholly dispense with the protection that someone like Mr. Fibash would have had had he been in juvenile court at a younger age. Now what they're essentially doing is dispensing with a discretionary transfer here and saying we can go ahead and prosecute you just because you're older. And in effect, that protection, well in actuality that protection has gone away. It doesn't exist anymore. I see my time is up. Thank you. Good morning and may it please the court. My name is Michelle Katz. I'm a Cook County Assistant State's Attorney appearing on behalf of the people. Ms. Katz, can you start where we left off and that's there could have been there could not have been rather an automatic transfer in this particular case, right? Absolutely. There could not have been, right? There could not have been an automatic transfer. So counsel left off with the only way to get him into adult court at that time was a discretionary transfer hearing, right? Assuming that he was entitled to any of the protections of the Juvenile Court Act in the first instance. Okay. And the analysis that's been offered by my opponent is faulty at its premise because it fails to take into account the clear and unambiguous language of the Juvenile Court Act which is premised in the first instance on a conditioned precedent which is that the individual be a minor. Right. But what I'm getting at is you could wait a relatively the state could wait a relatively short period of time in some instances where they could get someone into adult court where they couldn't a year or so before, for example, depending on the circumstances, may or may not have been able to get them into adult court, right? There is a possibility that there would be cases I think Rich Notbaum is actually the example of the case where the state proceeded initially in the second district by virtue of a juvenile petition that was filed and after a year had elapsed because that action was brought when that minor was 20 years old, after that action was brought and subsequently there was a superseding indictment that was brought when that minor became 21. To be perfectly clear the people don't have the unfettered discretion as the defendant has suggested to bring any charges when and how we feel like bringing them. We're subject to the law and the law is specifically set out in the Juvenile Court Act and it provides for protections I agree that there is a well articulated comprehensive scheme the difference is that I see more gradations to how the system works so where you have an infancy statute that prohibits under all circumstances a blanket prohibition on the adult criminal prosecution of anyone who commits an offense who is under the age of 13 and you have under this well articulated legislative scheme at the other end individuals who are adults over 21 who are going to be criminally prosecuted in the middle range fall the juveniles and based on the age of the juvenile the nature of the commission of the offense which they're charged with and their criminal history different outcomes will occur. Do you think that the legislature intended in this statute to have someone who is 20 years old that would be subject to a discretionary transfer hearing if brought under the Juvenile Court Act to allow the state to wait a year and get them directly into adult court? You think that was the intent? No and I disagree with my opposing counsel that there would be no remedy in the event that abusive process which is what you're alluding to would be used to prevent someone who is a minor an individual under 21 years of age from entitlement to a discretionary transfer hearing and aside from the fact that there's specific findings of fact in this case that there was no abuse and the evidence of record shows that within I believe three days of this incident being reported to the police department in Arlington Heights that charges were brought with respect to the cases where that wasn't done. So we're talking about the case out of the 2nd District in People V. Rich and the case out of the 4th District in People V. Baum admittedly there's troubling lack of proper procedure and frankly lack of understanding of the provisions of the Juvenile Court Act at play which do not appear to be necessarily because there's an intent to abuse the process. There's a profound misunderstanding of the provisions of 5120 and what it says and that's evidence putting aside this question and I will return to it of what happens with the 20 year old and the potential delay because I'm going to give you a specific answer. The more troubling aspect of it for me is the fact that there are criminal charges being sought against people who cannot be criminally charged under the infancy statute and there was no recognition of the fact that you cannot charge people who are 12 years old as adults in criminal court. That's the first problem with those cases. Going to the second issue where both of them, the defendant in Baum was 19 years old at the time that the charges were brought. The defendant in Rich was 20 years old at the time that the charges were brought. There should have been discretionary transfer hearings. That's what the Juvenile Act calls for. That's what should have transpired. Whether or not that should have resulted in a prohibition against ultimately because there's some advisory type language that the Rich decision as to whether charges can or cannot be brought which frankly is only within the purview of this court to go there but they sort of went there and said there can't be a prosecution in the future. Whether that was correct is a different story because arguably under this court's decision in People v. Brown there could have been a retrospective discretionary transfer hearing. And in Brown as this court well remembers where there was a single subject violation and the minor respondent in that case was transferred pursuant to what was found to be a void ab initio statute. This court ordered that there be a retrospective discretionary transfer hearing that based on the outcome of that hearing either the conviction would or would not be affirmed. But Justice Thomas speaking specifically to the concern of the state delaying and taking away an individual's right to a discretionary transfer hearing under the Act. There is a plethora of cases admittedly out of this jurisdiction that I've cited in my brief that deal with the question because that really becomes a question of and what is the redress for pre-indictment delay. And the cases talk about the United States v. Marion case and a two-pronged test that would be applied. So in response to the what happens and where's the remedy and where's the burden, I don't think there's any question but that a defendant would have a right to file a motion alleging that his indictment should be dismissed on the basis of pre-indictment delay and then there would be a hearing that would take place just as it did in many of the cases including and the best case on this issue is the case of Hu cited in my brief, Second Circuit case, that addressed the question of is there an abusive process in it and the test which has not been absolutely clearly defined by the United States Supreme Court talks about two factors and one of them is the prejudice to the defendant and the other one is whether or not there was abusive process basically an intent to abuse the process on the part of the people and certainly due process. That answer contemplates that the only reason for the question is based on prosecutorial abuse or lack of prosecutorial correct discretion in a but I'm thinking more in terms of the fact that if this particular defendant had come under the Juvenile Court Act and the only way to get him into adult court would be a discretionary hearing and the judge is weighing rehabilitative potential and everything else, that by necessity goes back to the date that the person committed the crime, not the age he is now it's looking at a 13 year old or was 17 year old and looking at it and making a determination whether that person should be tried as an adult. I mean that's a separate question than whether or not it was abuse that there was prosecutorial abuse and waiting a year or so they knew that they could get him into adult court. You see what I'm getting at here? I do, but under the clearly articulated legislative scheme there is no contemplation of that level of analysis when somebody essentially ages out of the Juvenile Court Act and as Justice Freeman wrote in his dissent in Luis R a straightforward plain reading of the Juvenile Court Act indicates that people who are adults, individuals over 21 by definition are not entitled to the protections of the Act that the Act does not apply to these people and that these such individuals have outgrown and I'm going to quote now from that dissent that Luis R had outgrown his status as a juvenile and the purposes and benefits of the Act. This operates consistently with this court's holding in Jamie P where the court said with respect to your question Justice Carmeier that the overriding purpose of Article 5 of the Juvenile Court Act is not what my opposing counsel is telling you it is. It's clearly articulated by this court to have been dealing with delinquency in those under 21 and that is not this defendant and the protections are still there for the abusive process. It's certainly a legitimate concern, but it doesn't alter the fundamental scheme that's been put in place by the legislature. You mentioned 5-120. It seems to conflict with 1-5A. So which should control and why? Doesn't it seem like there's a conflict there? Between 5-120 and 1-5A of the Act and which should control and why? Are you referring to 5-15 that all persons under the criminal code are subject to prosecution for any offenses that they commit because to the state's way of seeing things there is no conflict? No, it's 1-5A You relied upon by the state which provides that a person is subject to a prosecution in the state for an offense which he commits and the only limitations on this provision is according to the state in infancy statute. Right. There is no conflict because if you insert the definition of minor and it's the way that most clearly and readily expresses the inapplicability of 5-120 to those cases involving 21-year-olds, that definition of minor if inserted renders all of the Juvenile Court Act inapplicable and it's consistent with the entirety of the Act because if you look at the entirety of the Juvenile Court Act, every section of it is premised with a minor. Whether we're talking about charging decisions and where and when and how or treatment of minors at the hands of the police, interrogations, custodial questions, everything indicates that we are talking about individuals 21 years or younger and anyone who falls outside of that 21-year point is no longer subject to any of the protections of the Juvenile Court Act otherwise you end up with an absurdity. But doesn't 5-120 use the word may instead of shall? Yes. Proceedings may be instituted so that is the grant of authority for treatment under the Juvenile Court Act and it is not my argument to be perfectly clear that the absence, that the authority to prosecute people over 21 springs from 5-120. All we're saying is the entirety of the defense argument in this case in Richardson which is also relied on and in which the PLA is pending is that 5-120 prevents a criminal prosecution against an individual who is under 21. And I am not saying that 5-120 authorizes it. I'm saying it does not preclude it and the grant, the general grant of power is found under the criminal code and specifically Section 5-1-5 which allows in the broadest of language prosecutions for any and all offenses committed by all persons. And this defendant is a person under the criminal code and as such subject to prosecution and not only is there that extreme grant of power but as Justice Tice was asking about it works in tandem in this particular case and in the cases of all that have been reported to date with the extended limitations period for sex offenses which have particular concerns that attend them. In my opponent's brief he writes that all statutes of limitation are arbitrary. There's nothing arbitrary about this at all. If you look at the genesis of this extended limitations period it has increased over a period of time because it understands the legislature is recognizing the particular concerns the scientific component with respect to DNA. The fact that there are young victims and there are delayed outcries. The fact that there's a stigma that attaches to these sorts of offenses that is not necessarily at play with respect to other offenses. And with respect to the statute of limitations as it operates in the context of this case the defendant's argument takes the statute of limitations which would be 22 years from the date that this offense was committed and cuts it back to a period of 7 years and my opponent has made an argument well but that extended statute of limitations period wasn't enacted until after the enactment of the amended juvenile court act. That this came later so it shouldn't be looked at as undoing what he believes is clearly expressed legislative intent to preclude these sorts of prosecutions but if you go back to the period of time prior to the enactment of the amended juvenile court act there was still an extended limitations period. There was always I can't say always from time immemorial but there was an extended limitations period prior to the enactment of the juvenile court act that it allowed for prosecutions within one year of a minor of an 18 year old of a minor victim reaching the age of 18. So there's always been legislative intent to deal with these particularized sexual  and it is inconsistent with that extended limitations period inconsistent with the very broad language of the criminal code section 5 slash 1 dash 5 to read the juvenile court act 5120 as prohibiting a criminal prosecution of a defendant such as this defendant. Is this problem that we're addressing here limited to only those instances where you're dealing with an extended limitations period and therefore sex offenses but are there any other examples? Extended term period murders anything that would yes and that's actually an interesting point Justice Garmon because we're not talking about a broad based prosecution of again anyone at any time for anything the state wants to. We're talking about those particular crimes that fall within that extended limitations period or ostensibly under the extended limitations period for people who are not notoriously out and about in the state there would potentially be that possibility too. I agree with opposing counsel that generally when we're talking about minors they're not going to be out of the jurisdiction escaping detection but yes it is going to operate every case that we have every example of it has involved a sexual offense and has involved an extended limitations period because as this court is well aware the normal statute of limitations for non-extended situations is going to be three years for felonies but to say that the juvenile court act is essentially a statute of limitations can't seriously be countenanced in the light of a specific extended statute of limitations which under the generalized rules of statutory construction has to trump something that's general that opposing counsel is saying this is basically a statute of limitations. It's not and it can't operate to eviscerate the clearly expressed intent of the legislature in enacting the extended limitations period. You argue that the statutory language is clear and unambiguous if that is true why does the appellate court need to substitute the definition of minor at all? Shouldn't the court simply have focus on the statute's clear and unambiguous language as enacted? The statute on its face does it as far as I'm concerned your honor but what was happening in terms of the focus of the defendant has been on one portion specifically the last sentence dealing with the age of the minor at the time the offense was committed to the exclusion of again that word minor which as I've argued today is a conditioned precedent to application so the basis for substituting the definition for the use of the term minor is because it makes it clear in no uncertain terms who is being referenced. This is not some arbitrary word. I see my time is up. You may finish your answer. Thank you. So the defendant in making that arbitrary argument relied on the fact that the statute as previously written distinguished between boys and girls and that the use of the term minor is just a convenience only if you go back again to that statute minor was clearly defined and that statute was found to be unconstitutional because it set a different age for the prosecution of boys and girls not because the legislature wasn't clearly understanding what we were talking about were minors, people under 21 years of age. That's always been the case and that remains true today. For these reasons and those expressed in my brief I'd ask that you affirm the appellate court's decision in this case. Thank you. Thank you. Mr. Wechter, before you start. I did that to her so I should do it to you. Ms. Katz gave us recourse for indictment delay on the part of the prosecution. Now although she candidly admits it's probably the rare situation where a minor is on the lam, what about in that case? What about in the case where the minor has been able to take off and leave the jurisdiction until after he or she is 21? Is there any recourse in that situation? I think that raises the question of whether the adult criminal code limitations provision tolling the statute applies in a juvenile context. I'm not sure what the answer to that is. One of your positions today, if the crime was committed while a juvenile he or she would have to be taken to juvenile court, right? Her position? Your position. You're saying whether or not you can, are you saying that if you find this minor who is no longer a minor, who is 22 years of age, then the question becomes whether he or she could still be tried as a juvenile? Well, I think the law is clear that that person cannot. Okay. So what recourse does the state have in that instance? They don't have a recourse. So that person would be in the same position as your client. Right. Unless, as I said, the tolling provision in the criminal code for statutes of limitations has some application in that situation. In other words, there's a provision that if you hide yourself within the state or you leave the state, that the limitations are tolled. I'm not sure what the answer to that is. I just don't know what difference that would make if indeed the crime was committed under your analysis when the person was a juvenile. There seems to be a little incongruity there. I'm just saying as we take a look at this and try to come up with the intent of the legislature, at least Ms. Katz said it didn't happen in this case. If it happens in another case, you know, prosecutorial abuse, there's a way to deal with the minor that leaves the jurisdiction. Well, and there may not be. And I think that's inherent in any framework that adopts a statute of limitations, whether it's turning 21 or it's three years or whatever the case may be. You know, you could say that if a person who's 21 commits a robbery and the crime is not discovered until he's 24 years and one day old, it's unfair to the victim, of course. It seems unjust to the public perhaps. But that's the law. The law has a policy that we're not going to allow these cases to go on forever. And if you want to change that, then the state needs to go across the street and ask them to change the statute. So you're specifically arguing that this statute, this exclusive jurisdiction statute, acts like a statute of limitation? Not exactly. What I'm saying is that the fact that there is a four-year window after a person becomes 17 years of age, during which time that person is jailed in juvenile court, it gives the state that additional four years to proceed. And once that person turns 21, then the state can no longer proceed. So it's not called that four-year window is not called a statute of limitations, but it operates as if it were one. And if I may, I'd like to muddy the waters just a little bit. What happens, what would the state's position be if an individual, instead of being 21, were 14 and committed a robbery and was not discovered until he was 17 years and one day old? Would they be standing here saying he can't be prosecuted anymore in juvenile court? I mean, that seems to be the consistent implication of what they're saying today, that we're going to always follow the adult statute of limitation. But couldn't the argument be different? Couldn't it be that until you're 21 we can still handle you in juvenile court? I mean, this raises a lot of questions. And I didn't find any law on this question at all. It seems to me that it's much more obvious, it's much simpler to say, look, David Fivash clearly was a minor at age 14 when he's accused of committing these offenses. Why are we treating him as if he were 23 when he committed these offenses? That's what's going to happen if you adopt their position. He wasn't 23. He was 14. And they say, well, we have these other statutes and the state can prosecute anyone if they're over 13. Then what's the purpose of the act? Apparently they're going to look at this as if the act does not exist because of the statute. And Justice Burke was commenting about Section 1-5. You know, Your Honor, I'm not sure that that statute is anything more than just a description of the territorial authority of the state of Illinois. If you commit a crime in Illinois or you do something outside of Illinois and it has an effect inside the land of Lincoln, then you can be prosecuted. And of course, the executive prosecutes. But once again, that ignores the fact that we have a Juvenile Court Act. And if I can address Justice Thomas's question for a moment. You know, there's another issue here with regard to cases which are difficult to investigate, to determine whether there's probable cause to charge. It's not just sex cases either. Sometimes investigations can go on for a long period of time. Legitimately so. How are courts going to determine whether in one situation it was deliberate that the state delay or something less than that, whether it was negligent or whether they should have gotten their prosecutor out a few months earlier, whether they should have interviewed other witnesses. I mean, this is a horrible morass. And it just seems to be that the red line, the age red line, is what was intended, is much simpler, and it's much fairer. So. Following up on a question Chief Justice Garmon asked, Ms. Katz, should the fact, if I understood the response correctly, the fact that we may be dealing with only murder and some limited sex offenses with the extended period of limitation, should that factor into our analysis in any way? Well, I don't think so, because the Section 5-130 adequately deals with things like murder when you're 15, but not murder when you're 13 or 14. I mean, this is already something that's addressed in the Act. Why are we importing some other standard into this? I think what I'm asking is you've indicated that this could lead to unlimited prosecutorial discretion in delaying prosecution, but that is not true if it's only applicable to limited offenses such as murder and the extended term, extended statute of limitations offenses, isn't that correct? But what are we going to do about other offenses? I mean. Statute of limitations with control, right? Well, I think that's the question. Does the adult statute of limitations always apply in juvenile cases, or is the framework of the Act such that when you turn 21 the case is closed forever because you were a juvenile at the time, and we're not going to allow this type of problem to occur where the state can prosecute you later on indefinitely. Thank you. Thank you very much. Case number 117669, People of the State of Illinois v. David Fivesh will be taken under advisement as agenda number 2. Mr. Wechter and Ms. Katz, we thank you for your arguments today. You are excused at this time.